**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTORIA LANG**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2021 CV _____ |
| | ) | |
| -vs- | ) | Judge: |
| | ) | |
| | ) | |
| **MARRIOTT INTERNATIONAL, INC.**, | ) | Magistrate Judge: |
| **d/b/a JW MARRIOTT and** | **)** | |
| **JW MARRIOTT CHICAGO** | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

To:   The Honorable Judges of the
      United States District Court
      for the Northern District of Illinois
      Eastern Division
      219 South Dearborn Street
      Chicago, IL 60604

cc:   S. A. Genson
      Zane D. Smith & Assoc.
      111 W. Washington Street, Ste. 1750
      Chicago, IL 60602
      sheila@zanesmith.com

   Pursuant to *28 U.S.C. § 1441, et seq.*, and *28 U.S.C. § 1332*, Defendant,

**MARRIOTT INTERNATIONAL, INC.[1], allegedly d/b/a as JW Marriott and as JW**

**Marriott Chicago**, by and through one of its attorneys, Robert M. Burke of JOHNSON

& BELL, LTD., hereby gives notice of the removal of the above captioned action from

the Circuit Court of Cook County, Cause No. 21-L-004479, to the United States

---

[1] In her complaint, Plaintiff incorrectly alleges that Marriott International, Inc. managed the premises where the cause of action arose. In the interests of expediting the pleadings, Defendant hereby discloses that the correct manager of the premises at the time of the occurrence alleged was Marriott Hotel Services, Inc., which is also a citizen of the states of Delaware and Maryland.

District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2. On or about April 30, 2021, Plaintiff, Victoria Lang, initiated the above captioned lawsuit by the filing of a Complaint at Law entitled *Victoria Lang v. Marriott International, Inc. d/b/a JW Marriott and JW Marriott Chicago,* Docket No. 21-L-004479 in the Circuit Court of Cook County, Illinois. *A copy of the Complaint at Law is attached hereto as Exhibit "A" and incorporated herein by reference.*

3. On or about April 30, 2021, Plaintiff caused a Summons to be issued for service upon the registered agent of Marriott International, Inc. *A copy of said Summons is attached hereto as Exhibit "B" and incorporated herein by reference.*

4. Service was obtained on the registered agent of Marriott International, Inc. on May 12, 2021.

5. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 for the following reasons:

(a) Plaintiff, Victoria Lang, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Virginia;

(b) The sole named Defendant, Marriott International, Inc., at the time the lawsuit was commenced and at all relevant times, has been a Delaware corporation with its principal places of business in Maryland; therefore, for diversity of citizenship purposes, it is a citizen of the States of Delaware and Maryland;

(c) According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is an amount in excess of the Court's minimal jurisdictional limit of $50,000.00. Plaintiff, Victoria Lang, claims to have suffered

serious, grievous, and permanent injuries as a result of the occurrence alleged in her complaint which caused her to undergo surgery and lose wages and income as well as to incur great and ongoing medical bills, and suffer pain, great discomfort, and disfigurement. (Ex. A at paragraph 8.) Such allegations that Plaintiff has sustained a permanent injury are sufficient to trigger the duty to remove the case based on the allegations of the complaint. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, No. 10-cv-3331, 2010 WL 3273493 (N.D. Ill. Aug. 18, 2010), a copy of which decision is attached hereto as Exhibit "C";

(d)     Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e)     This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f)     This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to 28 U.S.C. § 1441(a).

6.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, MARRIOTT HOTEL SERVICES, INC., incorrectly named as MARRIOTT INTERNATIONAL, INC. d/b/a JW Marriott and JW Marriott Chicago**, respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:     /s/ Robert M. Burke
One of the Attorneys for the Defendant,
MARRIOTT INTERNATIONAL, INC., allegedly
d/b/a JW Marriott and as JW Marriott Chicago

Robert M. Burke, #6187403
Catherine P. Gorman, #6320695
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com
gormanc@jbltd.com

# EXHIBIT A

FILED
4/30/2021 4:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004479

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

VICTORIA LANG, )
            )
        Plaintiff, )
            )
            )
      v. )     **2021L004479**
            )
MARRIOTT INTERNATIONAL, INC. d/b/a )
JW Marriott and JW Marriott Chicago, )
            )
        Defendant. )

**COMPLAINT**

The Plaintiff, VICTORIA LANG, (herein also "Plaintiff"), by and through her attorney and for her Complaint against Defendant MARRIOTT INTERNATIONAL, INC. d/b/a JW Marriott and JW Marriott Chicago, (herein also "Defendant" and "Hotel"), alleges as follows:

1.      Plaintiff is an individual residing in town of Winchester, State of Virgina.

2.      Defendant Marriott International, Inc. is a Delaware corporation licensed to do business in the city of Chicago, County of Cook, State of Illinois.

3.      At all times relevant, the hotel located at 151 West Adams Street, Chicago, Illinois 60603 was owned, operated, and/or managed by Defendant Marriott International, Inc. doing business as JW Marriott and JW Marriott Chicago.

4.      On or about May 16, 2019, Plaintiff was a paying guest at Defendant's Hotel and was given a room for her overnight stay.

5.      On or about May 16, 2019, Plaintiff stepped out of the shower, which had leaked water onto the marble floor, causing Plaintiff to slip and fall.

6.      At all times relevant, it was the duty of the Defendant to maintain the Hotel and

EXHIBIT "A"

the room in which Plaintiff was staying in a manner that was reasonably safe for Plaintiff.

7.      Defendant breached its duty to maintain its Hotel, including the bathroom floor (herein also "flooring"), in a reasonable and safe manner by:

    a.  failing to provide Plaintiff with reasonable notice of the dangerous condition of the flooring;

    b.  failing to remove the flooring when Defendants knew or by the exercise of reasonable care would have discovered the dangerous condition the flooring became when wet, and when they knew Plaintiff would be using the flooring as ingress and egress from the shower;

    c.  failing to remove the flooring when Defendants should have realized that the condition involved an unreasonable risk of harm to Plaintiff;

    d.  failing to remove the flooring when Defendant should have expected that Plaintiff would not discover or realize the danger, or would fail to protect herself against it;

    e.  failing to exercise reasonable care to protect Plaintiff against the danger when they failed to remove the flooring;

    f.  failing to provide handrails at or near the flooring;  and

    g.  failing to provide a safe ingress and egress.

8.      As a direct and proximate cause of one or more of the above acts of negligence by the Defendant, Plaintiff did slip and fall Defendant's property, then fall to the ground with great force and effect and did become seriously and grievously injured in her person, some of such injuries being temporary and other injuries then incurred being permanent in nature, and Plaintiff was, as a consequence, thereof hospitalized, did undergo surgery, did and will into the future, incur great medical and related expenses, did lose wages and income, suffered pain and great discomfort and will into the future suffer pain, has become disfigured, and has otherwise been injured, all at the cause of the Defendant and not all caused in any matter by the Plaintiff.

WHEREFORE, Plaintiff, Victoria Lang, prays for judgment as and against Defendant MARRIOTT INTERNATIONAL, INC. d/b/a JW Marriott and JW Marriott Chicago, as follows:

A. In an amount in excess of $50,000.00;

B. For costs and expenses of this action;

C. For any other relief deemed appropriate by this Court.

Respectfully submitted,

VICTORIA LANG

/s/ S. A. Genson

BY: One of Plaintiff's attorneys

#3125086
Zane D. Smith & Assoc.
111 W. Washington Street, Ste. 1750
Chicago, IL 60602
Telephone: 312-245-0031
sheila@zanesmith.com

3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

VICTORIA LANG, )
)
      Plaintiff, )
)
    v. )
)
MARRIOTT INTERNATIONAL, INC. d/b/a )
JW Marriott and JW Marriott Chicago, )
)
      Defendant. )

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil

Procedure, the undersigned certifies that the total of money damages sought <u>does</u> exceed

$50,000.

> Respectfully submitted,
> VICTORIA LANG
> /s/ S. A. Genson
> BY: One of Plaintiff's attorneys

#3125086
Zane D. Smith & Assoc.
111 W. Washington Street, Ste. 1750
Chicago, IL 60602
Telephone: 312-245-0031
sheila@zanesmith.com

4

**EXHIBIT B**

FILED DATE: 4/30/2021 4:36 PM   2021L004479

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

VICTORIA LANG,

_____

Plaintiff(s)

**2021L004479**

v.

Case No. _____

MARRIOTT INTERNATIONAL, INC. dba
JW Marriott and JW Marriott Chicago,

_____

Defendant(s)

CT Corporation System
208 S. LaSalle St., Ste. 814
CHICAGO, IL 60604
_____

Address of Defendant(s)

Please serve as follows (check one):  ⊂ Certified Mail   ⊂ Sheriff Service   ⊙ ~~Alias~~ SPS

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is **NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

EXHIBIT "B"

**Summons - Alias Summons**                                           **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

FILED DATE: 4/30/2021 4:36 PM   2021L004479

○ Atty. No.: 37398

○ Pro Se 99500

Name: Zane D. Smith & Assoc.

Atty. for (if applicable):

Plaintiff Lang

Address: 111 W. Washington Street, Ste. 1750

City: Chicago

State: IL   Zip: 60602

Telephone: 312-245-0031

Primary Email: sheila@zanesmith.com

Witness date _____

4/30/2021 4:36 PM IRIS Y. MARTINEZ

_____

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED DATE: 4/30/2021 4:36 PM   2021L004479

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**EXHIBIT C**

THOMSON REUTERS
WESTLAW EDGE

All content | Enter terms, citations, | Illinois

Search Tips
Advanced

Sign out

Related documents

## Varkalis v. Werner Co.

United States District Court, N.D. Illinois, Eastern Division. • August 18, 2010 • Not Reported in F.Supp.2d • 2010 WL 3273493 (Approx. 4 p...

Go

Attorneys and Law Firms

Memorandum And Order

All Citations

Footnotes

2010 WL 3273493
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. Illinois,
Eastern Division.

# Mary VARKALIS, as Independent Administrator of the Estate of Michael Varkalis, Plaintiff,
## v.
# WERNER CO. & Lowe's Home Center Inc., d/b/a Lowe's, Defendants.

No. 10 C 03331.
Aug. 18, 2010.

## Attorneys and Law Firms

Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL, for Plaintiff.

Michael Joseph Meyer, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL, for Defendants.

*MEMORANDUM AND ORDER*

BLANCHE M. MANNING, District Judge.

**\*1** The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

**I. FACTS**

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

Back to top

EXHIBIT "C"

## II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at ¶ 6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at ¶ 7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

## III. ANALYSIS

### A. *Standard for Removal*

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1015 (S.D.Ill.2007) ("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI*

Back to top

*Handling Systems, Inc.,* 188 F.3d 780, 782 (7th Cir.1999) (*citing* 28 U.S.C. § 1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman,* No. 04 C 5340, 2005 WL 497794, at *5 (N.D.Ill. Feb.28, 2005).

### B. *Amount in Controversy*

**\*2** The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.,* No. 02 C 2854, 2002 WL 1759800, ––––2–3 (N.D.Ill. Jul.29, 2002); *Abdish v. Phillip Morris, Inc.,* No. 98 C 1310, 1998 WL 311991, at *1–3 (N.D.Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch,* 274 F.Supp.2d 965, 969 (N.D.Ill.2003) (*citing McCoy v. GMC,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not

Back to top

explicitly stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.,* 371 F.Supp.2d 943, 947 (N.D.Ill.2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters.,* No. 06–323–GPM, 2006 WL 1875457, at *3 (S.D.Ill. June 30, 2006). *See also RBC Mortgage Co.,* 274 F.Supp.2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000) (citation omitted); *McCoy,* 226 F.Supp.2d at 941 (the 30–day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed [ ] the jurisdiction[al] amount").

*3  Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields,* No. 06–323–GPM, 2006 WL 1875457, at *7 ("defendants should never ... be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs.,* No. 97 C 3842, 1997 WL 548043, at *5 (N.D.Ill. Sept.2, 1997) (*citing Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (D.C.Mich.1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

**IV. CONCLUSION**

For the reasons stated above, the motion to remand the case to the Circuit Court of Cook County [8–1] is granted. The clerk is directed to remand this matter forthwith.

## All Citations

Not Reported in F.Supp.2d, 2010 WL 3273493

Back to top

**Footnotes**

1    It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. # 12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

2    The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

End of Document    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

## Related documents

**Selected topics**    Secondary Sources    Briefs    Trial Court Documents

Sales

Remedies of Buyer

Federal Common Law Government Contractor Defense

